UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VLAD BONDARENKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1141 RLW |
| ) | |
| CITY OF BRIDGETON and BRIDGETON ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Vlad Bondarenko brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Amended Complaint under 28 U.S.C. § 1915. Based on its review, the Court will dismiss this matter for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Amended Complaint[1]

Self-represented Plaintiff brings this case under 42 U.S.C. § 1983 based on a traffic stop which occurred in the City of Bridgeton, Missouri on June 30, 2023. ECF No. 4 at 5. Plaintiff alleges:

> City of Bridgeton Police Officers Baver (DSN #311) and Soppe (DSN #2599) initiated an allegedly illegal traffic stop. Officer Baver, lacking de-escalation techniques, dismissed my request for a supervisor, claiming unavailability. This

---

[1] Plaintiff filed an Amended Complaint in this matter (ECF No. 4) before the Court could review his initial complaint (ECF No. 1) under 28 U.S.C. § 1915. Because an amended pleading completely replaces the prior pleading, the Court will only discuss the allegations of the Amended Complaint. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig,*. 396 F.3d 922, 928 (8th Cir. 2005).

> led to a tense situation. Despite disclosing a medical condition (Photophobia[2]) and providing a letter, Officer Soppe forcibly yanked open my car door without permission or consent. The officers' unprofessional conduct, coupled with the alleged unconstitutional actions, marked the encounter.
>
> . . . .
>
> Each defendant, as well as Officers Baver and Soppe, personally violated my civil rights during the encounter. This includes initiating an allegedly illegal traffic stop, engaging in unprofessional conduct, and, specifically, Officer Soppe forcibly yanking open my car door despite my compliance and disclosure of a medical condition.

*Id.*

As to injuries, Plaintiff states that he "experienced significant injuries, including severe emotional distress, a tangible loss of quality of life, and a distressing panic attack." *Id.* For relief, Plaintiff seeks damages in the amount of $100,000. *Id.* at 4-5.

## Discussion

Based on a careful review and liberal construction of Plaintiff's allegations, the Court finds that this case should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). As best the Court can determine, Plaintiff appears to assert three claims: an illegal traffic stop, unprofessional conduct, and an unconstitutional search when his car door was "yanked open." The Fourth Amendment protects Plaintiff's right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV. However, there is no constitutional protection against unprofessional conduct. Just because conduct is unprofessional does not make it unconstitutional. Section 1983 only provides a "remedy for violations of federally protected civil rights" – not for unprofessional conduct. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).

To the extent Plaintiff alleges that the June 2023 traffic stop in Bridgeton violated his Fourth Amendment rights, the Amended Complaint does not provide sufficient factual support to

---

[2]"Photophobia" is defined as "intolerance to light, *especially*: painful sensitiveness to strong light." *Merriam-Webster*, https://www.merriam-webster.com/dictionary/photophobia (last visited Jan. 11, 2024).

3

support such a claim. As discussed above, to state a plausible claim for relief, a plaintiff must plead enough factual content for the Court to draw a reasonable inference that a defendant is liable for misconduct. *Ashcroft*, 556 U.S. at 678. Plaintiff fails to do so here. His sweeping assertions of an "allegedly illegal traffic stop"–without providing any facts to support such a conclusion–are not enough to state a valid claim for relief under the Fourth Amendment.

Further, Plaintiff fails to plead the necessary elements to state a claim against either named defendant. Defendant Bridgeton Police Department is a division of a local government and therefore is not a suable defendant under § 1983. As for defendant City of Bridgeton, Plaintiff fails to plead the necessary allegations to state a § 1983 claim against a municipality. In fact, Plaintiff fails to make any specific allegations against the City at all. For all of these reasons, which are discussed more fully below, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## I.      Legal Standard: Fourth Amendment

A traffic stop constitutes a seizure under the Fourth Amendment. *United States v. $45,000.00 in U.S. Currency*, 749 F.3d 709, 715 (8th Cir. 2014). A traffic stop is reasonable under the Fourth Amendment "if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred." *United States v. Green*, 946 F.3d 433, 438 (8th Cir. 2019) (internal citation omitted). Thus, in general, "the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Peralez*, 526 F.3d 1115, 1119 (8th Cir. 2008) (explaining that a law enforcement officer "who observes a violation of the law has probable cause to initiate a traffic stop, and such a stop comports with the Fourth Amendment"). Any traffic violation, no matter how minor, provides probable cause for a traffic stop. *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994); *see also United States v.*

*Harris*, 617 F.3d 977, 979 (8th Cir. 2010) ("Even a minor traffic violation provides probable cause for a traffic stop.").

Further, under the Fourth Amendment, searches conducted without a warrant are per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." *United States v. Goodwin-Bey*, 584 F.3d 1117, 1119 (8th Cir. 2009) (internal quotations and citations omitted). One of these exceptions "permits the warrantless search or seizure of a vehicle by officers possessing probable cause to do so." *Cronin v. Peterson*, 982 F.3d 1187, 1197 (8th Cir. 2020) (citing *Chambers v. Maroney*, 399 U.S. 42, 51-52 (1970)); *see also United States v. McGhee*, 944 F.3d 740, 742 (8th Cir. 2019) (explaining that the "automobile exception" allows "an officer to legally search a vehicle if he has probable cause"). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017) (internal quotation and citation omitted).

**II.     Insufficient Facts to State a Claim of an Illegal Stop or Search**

A complaint filed by a self-represented person is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, such pleadings cannot be conclusory. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). At the very least, a self-represented person's complaint must contain facts which state a claim as a matter of law. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). A complaint must plead more than "legal conclusions" and must have more support than "mere conclusory statements." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

It is unclear from the Amended Complaint why Plaintiff thinks the June 2023 traffic stop was illegal. Plaintiff labels the stop as "allegedly illegal," but never states why he believes the stop was illegal. ECF No. 4 at 5. Plaintiff fails to provide any factual background as to why he was stopped or why he believes the reason for the traffic stop was unreasonable. Plaintiff makes no statement or assertions as to whether or not the officers had probable cause for the stop. It is not enough for a plaintiff to make a sweeping allegation of unconstitutional conduct; he must support his allegations with facts. Without any factual information on the stop, there is no way for the Court to draw a reasonable inference that the traffic stop was illegal. Plaintiff's Amended Complaint fails to state a claim for a violation of the Fourth Amendment due to an illegal traffic stop.

Similarly, Plaintiff seems to be asserting that an illegal search of his vehicle occurred based on the car door being "yanked open." Again, Plaintiff provides no factual background surrounding the officer's decision to open the car door. As discussed above, it does not violate the Fourth Amendment to search a vehicle without a warrant if probable cause exists. Plaintiff does not allege a lack of probable cause or provide any facts supporting a claim that the officer lacked cause. It is not enough for Plaintiff to simply state that an actor committed unconstitutional conduct; the claim must be supported by facts to make it legally plausible. Plaintiff provides no supporting facts here. Plaintiff's Amended Complaint fails to state a state a claim for a violation of the Fourth Amendment due to an illegal search. As such, this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### III.    Defendant Bridgeton Police Department is not suable under § 1983

Even if the Amended Complaint did state a Fourth Amendment claim, defendant Bridgeton Police Department would still be subject to dismissal because, as a department or subdivision of city government, the Bridgeton Police Department is not suable under § 1983. *Ketchum v. City of*

6

*West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).  According to the Eighth Circuit, "pro se status does not excuse [Plaintiff's] failure to name the proper parties."  *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009).  Because the Bridgeton Police Department is not subject to a lawsuit under federal law, this defendant must be dismissed.

**IV.     Failure to State a Municipal Liability Claim against Defendant City of Bridgeton**

A local governing body like the City of Bridgeton can be sued directly under § 1983.  *Monell*, 436 U.S. at 690.  Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

In this case, Plaintiff's claims against the City of Bridgeton are subject to dismissal because Plaintiff fails to allege that the City of Bridgeton has an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train its employees.  In fact, Plaintiff makes no specific allegations against the City at all.  Plaintiff does not plead any facts from which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional municipal policy or custom of the City.  Without a factual underpinning, Plaintiff's allegations amount to legal conclusions, which are not entitled to the presumption of truth.  *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").  Plaintiff's Amended Complaint fails to state a § 1983 claim against defendant City of Bridgeton.

**Conclusion**

Plaintiff provides no factual support for the conclusory allegations that his vehicle was illegally stopped and searched in June 2023 in the City of Bridgeton.  Without any support,

Plaintiff's Amended Complaint fails to state a Fourth Amendment claim. Further, defendant Bridgeton Police Department is not suable under § 1983, and Plaintiff fails to plead a municipal liability claim against defendant City of Bridgeton. For all of these reasons, this case will be dismissed for failure to state claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Amended Complaint as to either defendant because the Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants City of Bridgeton and Bridgeton Police Department are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of January, 2024.